UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST AND ROSEMARY SENIOR HOUSING, LP,<br><br>    Plaintiff,<br><br>    v.<br><br>GEORGE PIERRE,<br><br>    Defendant. | Case No. 23-cv-05702-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED**<br><br>Re: ECF 1, 2 |

This Court orders Defendant George Pierre to show cause by December 18, 2023, why this case should not be remanded to state court for improper removal.

**Removal was not timely.** Based on Pierre's removal notice, removal was not timely. *See* ECF 1. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). In his notice of removal, Pierre acknowledges receiving notice of the state court action on September 29, 2023. ECF 1 at 2. Pierre removed this action on November 6, 2023, more than 30 days after receiving a copy of the state court complaint. *Id.* Though Pierre's signature on the notice of removal is dated October 27, 2023, the notice was filed on November 6, 2023, and Pierre signed the civil cover sheet on November 6, 2023. *Compare id.* at 2 *with id.* at 77. Because it appears removal was not timely, Pierre must show cause why this matter should not be remanded to state court.

**Subject matter jurisdiction is not satisfied.** Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). Pierre claims to have federal question jurisdiction, but only presents potential federal defenses as a basis for that jurisdiction. As such, Pierre does not provide a sufficient basis for this Court to find subject matter jurisdiction and must show cause why this matter should not be remanded to state court.

**Pierre's IFP application is incomplete.** Pierre filed an application to proceed *in forma pauperis* on November 6, 2023. ECF 2. In his application, Pierre answered only the first part of Question Number 1. *Id.* This Court orders Pierre to file an amended IFP application that answers Question Number 1 in full.

Pierre must amend his IFP application and address the deficiencies in his notice of removal in writing by December 18, 2023. This Court notes that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: November 27, 2023

_____
NATHANAEL M. COUSINS
United States Magistrate Judge