UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST AND ROSEMARY SENIOR HOUSING, LP,<br><br>              Plaintiff,<br><br>       v.<br><br>GEORGE PIERRE,<br><br>              Defendant. | Case No. 23-cv-05702-PCP<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

## BACKGROUND

Plaintiff First and Rosemary Senior Housing, LP brings this lawsuit against pro se defendant George Pierre. First and Rosemary leased property to Pierre in October 2020 and alleges that Pierre has been delinquent in paying his rent as of August 2023. First and Rosemary filed an unlawful detainer action against Pierre in Santa Clara County Superior Court in September 2023, and Pierre removed the case to federal court on November 6, 2023. Before the case was reassigned to District Judge P. Casey Pitts, Magistrate Judge Nathanael Cousins ordered Pierre to show cause by December 18, 2023 why this case should not be remanded to state court for want of subject matter jurisdiction. Dkt. No. 8. Pierre has not responded to the order to show cause. First and Rosemary now moves to remand the case to state court, arguing that this Court lacks subject matter jurisdiction over the lawsuit. For the following reasons, the Court grants plaintiff's motion.

## LEGAL STANDARDS

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House*

1    *Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). Because this civil action was removed to federal

2    court by defendant Pierre under 28 U.S.C. § 1441(a), Pierre bears the burden of establishing this

3    Court's subject matter jurisdiction. Pierre nonetheless failed to respond to First and Rosemary's

4    motion to remand by the January 18, 2024 opposition deadline or at any point thereafter.

5          The two primary sources of subject matter jurisdiction are diversity jurisdiction and federal

6    question jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity,

7    meaning that all persons or associations on one side of the controversy (i.e., all plaintiffs) are

8    citizens of different states from all persons or associations on the other side (i.e., all defendants).

9    *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). A corporation is a citizen of both the state in which it is

10   incorporated and the state in which it has its principal place of business—the corporation's "nerve

11   center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). To establish diversity jurisdiction, the

12   amount in controversy must also exceed $75,000. *See* 28 U.S.C. § 1332(a). Federal question

13   jurisdiction permits a claim to proceed in federal court if it arises "under the Constitution, laws, or

14   treaties of the United States." *See* 28 U.S.C. § 1331.

## ANALYSIS

16         This Court lacks subject matter jurisdiction over this case. Diversity jurisdiction is lacking

17   because neither the complete diversity nor the amount in controversy requirements are met. Per

18   plaintiff's motion, both parties are citizens of California, and the amount in controversy is less

19   than $10,000. Dkt. No. 12, at 3. Federal question jurisdiction is also lacking because there are no

20   federal questions presented in the complaint, which asserts only an unlawful detainer claim under

21   California state law. In Pierre's notice of removal, he argues that First and Rosemary's request for

22   rent payment violates both his federal constitutional rights and a federal regulation concerning rent

23   calculation for veterans. Dkt. No. 1, at 4–5. But as Judge Cousins noted in his order to show cause,

24   a "defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow*

25   *Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Pierre's potential federal defenses are

26   therefore insufficient to establish subject matter jurisdiction over this lawsuit.

**CONCLUSION**

For the foregoing reasons, the Court grants First and Rosemary's motion to remand, and thus denies as moot Pierre's motion for leave to proceed in forma pauperis. Dkt. No. 2.

**IT IS SO ORDERED.**

Dated: April 3, 2024

P. Casey Pitts
United States District Judge